UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
MAIN STREET AMERICA ASSURANCE COMPANY,

                              Plaintiff,

  -against-

MAVEN BUSINESS SOLUTIONS GROUP INC.,
25 TUDOR OWNERS CORP., PRC MANAGEMENT
COMPANY LLC, UPGRADE CONTRACTING CO.,
INC., EVEREST SCAFFOLDING, INC. and PRO
SAFETY SERVICES LLC,

                              Defendants.
----------------------------------------------------------------------X

REPORT AND
RECOMMENDATION
21 CV 6327 (AMD)(RML)

LEVY, United States Magistrate Judge:

        Plaintiff Main Street America Assurance Company ("plaintiff" or "MSA") filed this action on November 15, 2021 against Maven Business Solutions Group Inc. ("defendant" or "Maven"), seeking a declaratory judgment that Businessowners policy number MPU5192Z issued by MSA to Maven (the "Policy") is void *ab initio*, and that plaintiff has no obligation to defend or indemnify Maven in the underlying state court and third-party actions.  (Complaint, dated Nov. 11, 2021 ("Compl."), Dkt. No. 1.)

        By order dated April 1, 2022, the Honorable Ann M. Donnelly, United States District Judge, referred plaintiff's motion for default judgment to me for report and recommendation.  For the reasons stated below, I respectfully recommend that plaintiff's application be granted and that the court enter a declaratory judgment that the Policy is void, that plaintiff is not obligated to pay any claims under the Policy, and that plaintiff may withdraw the courtesy defense being provided to defendant in the underlying actions.

**BACKGROUND AND FACTS**

According to the complaint and documents submitted in connection with plaintiff's instant motion, Maven submitted an application for commercial liability insurance to MSA on or about April 29, 2019.  (Commercial Insurance Application ("Application"), attached as Ex. I to the Affirmation of Daniel W. Gerber, Esq., dated Mar. 31, 2022 ("Gerber Aff."), Dkt. No. 15-2.)  In the Application, Maven represented that its office was located at 20 Squadron Blvd, Suite 105, New City, New York.  (Id.)  Maven also represented that it does not work with scaffolds, and that it does not perform work in New York City.  (NGM Supplement to ACORD 160 – CONTRACTORS ("Supplement"), attached as Ex. J to the Gerber Aff.)  In reliance on these representations, MSA issued the Policy for the period of May 2, 2019 to May 2, 2020, with a $1,000,000 per occurrence limit and a $2,000,000 aggregate limit.  (Compl. ¶ 17.)

Following issuance of the Policy, MSA made multiple attempts to obtain the mandatory site inspection of Maven's business.  (Notice of Cancellation ("Notice"), attached as Ex. K to the Gerber Aff.)  Maven failed to respond to MSA's requests and on June 26, 2019, MSA issued a notice of cancellation to Maven.  (Id.)  The Notice advised Maven that the Policy would be cancelled on August 1, 2019, for failure to comply with the compulsory site inspection.  (Id.; see also Gerber Aff. ¶ 21.)

In October 2019, Roberto Amador, a Maven employee, fell from a scaffold while performing construction work at the 25 Tudor City Place project in Manhattan.  (Compl. ¶ 19.)  On or about January 29, 2020, Amador filed a lawsuit in New York Supreme Court, Bronx County, against 25 Tudor Owners Corp. ("25 Tudor"), PRC Management Company LLC ("PRC"), Upgrade Contracting Co., Inc. ("Upgrade"), Everest Scaffolding, Inc., and Pro Safety

Services LLC. (Gerber Aff. ¶ 6.) Upgrade filed a third-party action against Maven on or about October 1, 2020. (Id.)

By letter dated October 7, 2020, MSA and Maven received a tender on behalf of 25 Tudor, PRC and Upgrade requesting additional insured coverage and protection as contractual indemnitees of Maven pursuant to the Policy. (Tender of Defense and Indemnity, attached as Ex. M to the Gerber Aff.) MSA denied coverage in an email dated October 27, 2020, due to the Policy having been cancelled prior to Amador's accident. (Denial Email, attached as Ex. N to the Gerber Aff.)

In November 2020, Maven contacted MSA concerning the cancellation of the Policy and denial of coverage for the Amador lawsuit. (Gerber Aff. ¶ 26.) Through the correspondence, MSA learned that Maven's offices were located in Queens, New York. (Id.) This prompted MSA to investigate the representations made in Maven's insurance application documents. (Id. ¶ 28.) On or about January 22, 2021, MSA sent a letter informing Maven of its investigation and advising Maven that MSA would provide a courtesy defense to Maven in the Amador lawsuit while the investigation was being completed. (Id. ¶ 29; Letter of Stacey McLaughlin, Main Street America Assurance Company ("Courtesy Letter"), attached as Ex. O to the Gerber Aff.) The letter also requested that Maven's principal submit to an examination under oath, and advised Maven that MSA reserved the right to withdraw the courtesy defense upon thirty days' notice and to bring a declaratory judgment action. (Courtesy Letter.)

Through the investigation, MSA learned that Maven has always operated out of Queens, New York and has always used scaffolds in its business. (Gerber Aff. ¶ 31.) MSA's underwriting guidelines prohibit issuing businessowner policies to companies operating out of New York City. (Gerber Aff. ¶ 32; see also New York Territory Market Expansion Initiative

("Underwriting Guidelines"), attached as Ex. P to the Gerber Aff.)  MSA's underwriting guidelines also limit underwriting policies for contractors to those who work at ground level. (Gerber Aff. ¶ 35; see also Underwriting Guidelines.)  MSA asserts that it would not have issued the Policy had Maven accurately reported its address and that it worked with scaffolds and, as such, Maven's material misrepresentations warrant rescission of the Policy.  (Gerber Aff. ¶ 37; Compl. ¶¶ 22, 27, 30-33.)

## DISCUSSION

Plaintiff seeks a judgment declaring that (1) the Policy is void due to material misrepresentations made by Maven, (2) MSA is discharged from all liability relating to the Policy, and (3) MSA may withdraw the courtesy defense upon thirty days' notice.  (Compl. ¶ 33; Gerber Aff. ¶ 9.)

    A.    Declaratory Judgment Standard

Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 allow a court to issue a declaratory judgment in cases where the party seeking the declaratory judgment demonstrates the existence of an actual case or controversy.  28 U.S.C. § 2201; FED. R. CIV. P. 57.  See U.S. Underwriters Ins. Co. v. Orion Plumbing & Heating Corp., 321 F. Supp. 3d 313, 316 (E.D.N.Y. 2018) ("[B]efore a court may issue any declaratory order, it must satisfy itself that the matter presents an actual case or controversy.")  Once a party has demonstrated an actual case or controversy, it is within the sound discretion of the court to decide whether to grant the declaratory relief sought.  N.Y. Guardian Mortgagee Corp. v. Cleland, 473 F. Supp. 409, 418 (S.D.N.Y. 1979) (collecting cases).  Declaratory relief is proper "(1) where the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, or (2) when it will terminate and afford relief from the uncertainty, insecurity and controversy giving rise to the

proceedings." Dukes Bridge, LLC v. Sec. Life of Denver Ins. Co., No. 10 CV 5491, 2020 WL 1908557, at *76 (E.D.N.Y. Apr. 17, 2020); see also Universal Acupuncture Pain Servs., P.C. v. State Farm Mut. Auto. Ins. Co., 196 F. Supp. 2d 378, 384 (S.D.N.Y. 2002) (quoting Md. Casualty Co. v. Rosen, 445 F.2d 1012, 1014 (2d Cir. 1971)). "Courts within this district have, on numerous occasions, found these requirements met in actions by insurers seeking declaratory judgments regarding obligations relating to allegedly fraudulent claims." Gov't Emps. Ins. Co. v. Badia, No. 10 CV 5611, 2012 WL 1427796, at *4 (E.D.N.Y. 2012).

        B.     Default Judgment Standard

Where, as here, declaratory relief is requested following a default, the plaintiff must (1) adhere to the two-step process prescribed in Fed. R. Civ. P. 55 to obtain a default judgment, and (2) establish it is entitled to the requested relief based on the facts established by the default. See PHL Variable Ins. Co. v. Bimbo, No. 17 CV 1290, 2018 WL 4691222, at *2 (E.D.N.Y. Aug. 30, 2018) (citation omitted). A default constitutes the defendant's admission to all the well-pleaded allegations in the complaint pertaining to liability. A&B Alt. Mktg. Inc. v. Int'l Quality Fruit Inc., 35 F.4th 913, 916 (2d Cir. 2022); Greyhound Exhibitgroup, Inc., v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). As such, the plaintiff must demonstrate that the unchallenged facts and all reasonable inferences drawn from such facts establish defendant's liability. See City of New York v. Mickalis Pawn Shop, 645 F.3d 114, 137 (2d Cir. 2011). Once the court ensures that the plaintiff took all mandatory steps in moving for a default judgment and that the plaintiff established a right to a declaration against the defendant, a default declaratory judgment may be entered. See Finkel v. Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009) (citation omitted).

Plaintiff has established that this is an actual controversy where a declaratory judgment would afford specific relief and clarify its legal obligations to the insured.  As discussed above, plaintiff alleges that Maven made material misrepresentations in obtaining the Policy such that the Policy was fraudulently procured, and plaintiff has submitted documentary evidence to support its claims.  (Compl. ¶ 2; see Gerber Aff. ¶¶ 18-32.)  Plaintiff seeks to clarify its legal obligations and liability as to the Policy and the insured.  Plaintiff thus has established its entitlement to a declaratory judgment.

### C. Choice of Law

Because jurisdiction in this case is premised on diversity, where the plaintiff has not invoked the law of any other state, and given the connections New York has to this lawsuit, this court will apply the law of New York.  See Ray v. Ray, 22 F.4th 69, 72 (2d Cir. 2021); Johnson v. Priceline.com, Inc., 711 F.3d 271, 276 (2d Cir. 2013); Principal Life Ins. Co. v. Locker Grp., 869 F. Supp. 2d 359, 363 (E.D.N.Y. 2012) (citing Krauss v. Manhattan Life Ins. Co. of N.Y., 643 F.2d 98, 100 (2d Cir. 1981)).

### D. Material Misrepresentation

Under New York law, an insurance policy is considered void *ab initio* if the policy was issued in reliance on material misrepresentations.  See Fireman's Fund Ins. Co. v. Great Am. Ins. Co., 822 F.3d 620, 649 (2d Cir. 2016); John Hancock Life Ins. Co. v. Perchikov, 553 F. Supp. 2d 229, 236-37 (E.D.N.Y. 2008); see also Republic Ins. Co. v. Masters, Mates & Pilots Pension Plan, 77 F.3d 48, 52 (2d Cir. 1996) ("[A]n insurance policy issued in reliance on material misrepresentations is void from its inception.") (citations omitted).  New York Insurance law defines a misrepresentation as a false statement of fact "made to the insurer by, or by the authority of, the applicant for insurance or the prospective insured, at or before the making

6

of the insurance contract as an inducement to the making thereof." N.Y. INS. LAW § 3105(a). For a misrepresentation to void an insurance policy, the alleged misrepresentation must be "material." Id. § 3105(b)(1). A misrepresentation is "material" if "knowledge by the insurer of the facts misrepresented would have led to a refusal by the insurer to make such contract." Id.; see also Fireman's Fund Ins. Co., 822 F.3d at 683 (finding an insurance policy void where insurer issued a policy in reliance on misrepresentations in the application for insurance); Sun Mut. Ins. Co. v. Ocean Ins. Co., 107 U.S. 485, 509-10 (1883) (holding that an insurance policy was void where "it is reasonable to believe that a prudent underwriter would not have accepted the proposal as made" if a material fact had been known).

      In the Application, Maven represented that its office was located in New City, New York in Rockland County and that it did not work with scaffolds. (Compl. ¶ 2; Application; Supplement.) In fact, as Maven's principal admitted under oath, Maven's office has always been located in Queens, New York and it has always worked with scaffolds. (Compl. ¶¶ 2, 22-23, 27.) Maven therefore made "statement[s] of past or present fact … at or before the making of the insurance contract as an inducement to the making thereof." N.Y. INS. LAW § 3105(a). Plaintiff has established, and it is undisputed, that Maven made misrepresentations in its insurance Application. Furthermore, plaintiff has demonstrated that, pursuant to MSA's underwriting guidelines, it would not have issued the Policy had Maven answered truthfully. (Compl. ¶¶ 24, 28.) Accepting plaintiff's assertions as true, I find that plaintiff has demonstrated that Maven's misrepresentations regarding its location and work with scaffolds are material as a matter of law. Therefore, I respectfully recommend that this court enter a declaratory judgment that the Policy was void from its inception, that plaintiff is not obligated to pay any claims that

7

may be submitted by the insured, and that MSA may withdraw its courtesy defense upon thirty days' notice.

## Conclusion

For the foregoing reasons, I respectfully recommend that plaintiff's application be granted and that the court enter a declaratory judgment that Main Street America Assurance Company businessowners policy number MPU5192Z to Maven Business Solutions Group Inc. was void from its inception, and that plaintiff is not obligated to pay any claims on the Policy that may be submitted by the insured. Plaintiff is directed to serve copies of this Report and Recommendation on defendants by regular mail, and to file proof of service with the court within ten days of the date of this Report and Recommendation. Any objections to this Report and Recommendation must be filed electronically, with courtesy copies to Judge Donnelly and to my chambers, within fourteen days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(d).

                                                  Respectfully submitted,

                                                  /s/
                                              ROBERT M. LEVY
                                              United States Magistrate Judge

Dated: Brooklyn, New York
       December 5, 2022